**LITTLE DONKEY ENTERPRISES WASHINGTON, INC., a Washington corporation, Plaintiff—Appellant,**

v.

**US BANCORP, dba U.S. Bank, Defendant—Appellee.**

No. 04–35018.
D.C. No. CV–02–05307–RBL.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 6, 2005.

Decided June 20, 2005.

Montgomery W. Cobb, Cobb & Bosse, LLP, Portland, WA, for Plaintiff—Appellant.

Brian William Grimm, Dorsey & Whitney, LLP, Seattle, WA, for Defendant—Appellee.

Before HUG, FERGUSON, and McKEOWN, Circuit Judges.

MEMORANDUM *

Little Donkey Enterprises appeals the district court's order granting summary judgment in favor of U.S. Bancorp ("the Bank"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's order de novo. *Cline v. Indus. Maint. Eng'g Constr. Co.,* 200 F.3d 1223, 1228 (9th Cir.2000). We affirm.

*I. Expedited Funds Availability Act*

To properly make a claim under the Expedited Funds Availability Act (the "Funds Act"), Little Donkey was required to come forward with some evidence that it had made a specific type of deposit as defined by the Funds Act and that the Bank held that deposit beyond the specific timeframe allowed for by the statute. *See* 12 U.S.C. § 4002 (defining specific deposit types and required timeframes for when funds must be made available for these specific types of deposits.) Little Donkey has failed to come forward with any evidence establishing: 1) which, if any, deposit the Bank did not make available at the time of deposit, and 2) the amount of time that the deposit was held by the Bank.

■ Rather, Little Donkey has merely alleged that at some point after a series of deposits were made and presumably after the funds from those deposits were initially made available for Little Donkey's use, the Bank froze all of the funds then available in the account based upon suspicious activity. There is no indication that the Bank improperly held a *specific* deposit

beyond the times allowed for under the Funds Act. Merely placing a hold on or freezing funds in an account after the deposits have been made available is not a violation of the Funds Act and thus does not support a claim for civil liability under 12 U.S.C. § 4010.

Additionally, although Little Donkey urges this court to ignore 12 C.F.R. § 229.21(f), which excludes claims for wrongful dishonor from civil liability, Little Donkey has failed to establish that this regulation should not be accorded deference by this court. *See Chevron v. Natural Res. Def. Council,* 467 U.S. 837, 842–843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). "Congress delegated authority to the [Federal Reserve Board] generally" to promulgate regulations interpreting the Funds Act "carrying the force of law." *United States v. Mead Corp.,* 533 U.S. 218, 226–227, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001); 12 U.S.C. § 4008(a)(1). Additionally, Little Donkey has failed to show that the regulation is "procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute." *Mead,* 533 U.S. at 227, 121 S.Ct. 2164. Therefore, this regulation is binding on this court. *Id.* As a result, claims of "wrongful dishonor" are excluded from liability under the Funds Act. 12 C.F.R. § 229.21(f). Therefore, summary judgment was proper as to this claim.

*II. Defamation*

■ In Washington, a plaintiff must show: 1) falsity, 2) an unprivileged communication, 3) fault, and 4) damages in order to establish a claim for defamation. *Mohr v. Grant,* 153 Wash.2d 812, 108 P.3d 768, 773 (2005). However, to survive a defendant's motion for summary judgment,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.

the plaintiff must raise a genuine issue of fact as to each element. *Id.* As the statements made by the Bank, — *i.e.,* that it was "investigating check kiting," "investigating suspicious activity," Little Donkey's "account was closed" or "frozen," and placed stamps on returned checks indicating "account closed" or "NSF" — were all true statements, Little Donkey has failed to meet its burden of establishing an issue of fact as to the element of falsity. Thus, the district court properly concluded that these claims of defamation could not survive summary judgment.

### III. Washington Consumer Protection Act

Under the Consumer Protection Act, a private litigant must prove five elements: 1) an unfair or deceptive act or practice, 2) occurring in trade or commerce, 3) a public interest impact, 4) injury to the plaintiff's business or property, and 5) causation. *Sing v. John L. Scott, Inc.,* 134 Wash.2d 24, 948 P.2d 816, 819 (1997), (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 719 P.2d 531, 535 (1986)). Similar to a claim of defamation, failure to provide proof on any one of these elements is fatal to a Consumer Protection Act claim. *Hangman,* 719 P.2d at 539.

In order to establish an issue of fact as to the first element, Little Donkey was not required to show that the act in question was intended to deceive, but rather that the act "had the *capacity* to deceive a substantial portion of the public." *Id.* However, Little Donkey has presented no evidence, nor is there any indication, that the Bank's actions were unfair, deceptive, or "had the capacity to deceive a substantial portion of the public." *Id.* Rather, Little Donkey has done little more than show a private dispute between two parties over the appropriate handling of a private checking account.

### IV. Breach of Duty of Good Faith and Fair Dealing

Finally, every contract implies a duty of good faith and fair dealing. *Badgett v. Security State Bank,* 116 Wash.2d 563, 807 P.2d 356, 360 (1991). "This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Id.* However, the duty arises only in connection with the specific terms agreed to by the parties in their contract. *Id.* Little Donkey has never come forward with any evidence of the contract between the parties, nor has Little Donkey shown which, if any, of the terms of that contract were not preformed in good faith. As Washington does not recognize "a free-floating duty of good faith unattached to the underlying" contract, the district court properly granted summary judgment on this claim. *Id.*

Accordingly, the district court's order granting summary judgment is AFFIRMED.